Hawkins, J.,
delivered the opinion of the Court.
The judgment of the Circuit Court is erroneous, and must be reversed, upon two grounds:
1st, The proof wholly fails to show any right of action in the plaintiff, as administrator of Martha Hord, to recover the hire of the slave; or that plaintiff’s intestate, Martha Hord, had any property whatever, in the slave, or any right to the proceeds of his hire. But, on the other hand, it does • show, that Enloe, as agent for Allen S. Hord, hired the slave to the plaintiff in error.
2d, At the time of the alleged hiring of the slave to the plaintiff in error, she was a feme covert, living with her husband; and there is some proof of a general character, tending to show that she had some property — that she did the trading for the family; and was *5 regarded as solvent, and that her husband was regarded as insolvent. His Honor, the Circuit Judge, among other things, instructed the jury, that “as the law now stands, if she had means, and was in the habit of making contracts, she would be liable, just like any other person.”
This, we think, was clearly erroneous. To render the contract of a married woman valid, and binding upon her, it is necessary: 1st, That she have a separate estate; 2d, That the power to contract with reference to the same, shall have been expressly conferred upon her; 3d, That the contract be made with reference to her power to bind her separate estate; 4th, The intention to bind her separate estate, must be clearly manifested, by express words, and not left to implication: 8 Hum., 209; 4 Yer., 375.
The judgment of the Circuit Court will be reversed, and the cause remanded.